UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | Case No. 11-cv-06758 |
| v. ) | |
| ) | Judge John W. Darrah |
| MICHAEL PARTEE, ) | |
| ) | |
| Defendant-Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Partee is currently serving concurrent sentences of 120 and 262 months for illegal possession of firearms and distribution of a controlled substance. Partee has moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. The matter has been fully briefed, and the parties were also granted leave to file supplemental memoranda in light of the United States Supreme Court's recent decision, *Alleyne v. United States*, 133 S. Ct. 2151 (2013). For the reasons stated below, Partee's § 2255 Motion [26] is denied.

## BACKGROUND

On August 20, 2003, Partee, a previously convicted felon, was indicted by a federal grand jury, alleging he sold drugs to a government informant in exchange for money and guns. *See United States v. Partee*, No. 03-cr-725-1 (N.D. Ill.); *see also United States v. Partee*, 273 F. App'x 529, 531 (7th Cir. 2008). Partee was charged with two counts: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One); and (2) distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two). Following the indictment, the Government offered Partee a plea agreement, as discussed below. Ultimately, Partee rejected the plea offer, waived his right to a jury trial and proceeded to a bench trial, which was held on May 3-4, 2005.

By written opinion issued on September 7, 2005, this Court found Partee guilty of both counts. On March 30, 2006, this Court issued a supplemental opinion, expressly finding that the Government failed to prove beyond a reasonable doubt that the cocaine base substance Partee was distributing was "crack cocaine" for the purposes of the enhanced penalty provisions of 21 U.S.C. § 841(b). *United States v. Partee*, No. 03-cr-725, 2006 WL 861167 (N.D. Ill. Mar. 30, 2006).

On January 30, 2007, this Court held a sentencing hearing. During the hearing, the Government presented evidence and testimony, including that Partee's prior conviction in the State of Georgia constituted a "controlled substance offense," which, when combined with his prior conviction for attempted murder, placed him at a base offense level 26 for Count One, pursuant to U.S.S.G. § 2K.1, and also qualified him as a "career offender" under U.S.S.G. § 4B1 for the Count Two. *Partee*, 273 F. App'x at 533. The Government's evidence included court records and the transcript from the plea hearing in Georgia. The Court considered the evidence, found that Partee's Georgia conviction involved the sale of cocaine, and determined that the Sentencing Guidelines provided a range of 324 to 405 months of imprisonment. Partee was then sentenced to 120 months on Count One and 324 months on Count Two, to run concurrently.

Partee appealed both his sentence and conviction to the Seventh Circuit, arguing that, although he was charged in Georgia with selling cocaine, the sentence he received was only for possession. The Seventh Circuit rejected Partee's argument and affirmed his conviction. *Partee*,

273 F. App'x at 532-33.[1] The Seventh Circuit agreed that Partee's Georgia conviction was for selling cocaine and that, as such, Partee was properly sentenced as a career offender. *Id.* However, the Seventh Circuit vacated the sentence and remanded for resentencing due to other errors in calculating the Guidelines Range. *Id.* at 534.

On June 10, 2009, a resentencing hearing was held. Partee again objected to the finding that the Georgia conviction was a controlled substance offense. This Court applied the Seventh Circuit's holding that the Georgia conviction qualified Partee as a career offender, determined that Partee had a total offense level of 34, and sentenced Partee to a concurrent sentence of 120 months on Count One and 262 months on Count Two, which Partee is currently serving.

Partee then appealed his new sentence. In *United States v. Partee*, 376 F. App'x 614, 618 (7th Cir. 2010) ("*Partee II*"), the Seventh Circuit affirmed Partee's sentence, holding that it was the law of the case that Partee's Georgia conviction was a controlled substance offense for purposes of the Guidelines calculations. While the Seventh Circuit acknowledged that the light sentence Partee received in Georgia for selling cocaine "was inconsistent with the applicable Georgia law," the court explained that "Partee was *charged* with selling cocaine, the plea transcript indicates that Partee was *pleading* to the indictment as charged, and the judgment of conviction notes that Partee was *convicted* of counts one and two of the indictment, not the lesser included offenses. Those pieces of the state court record resolve this appeal." *Id.*, 376 F. App'x

---

[1] The Seventh Circuit acknowledged that Partee's two-year sentence in Georgia was below Georgia's mandatory minimum of five years for selling cocaine. However, because the indictment, the transcript of the plea hearing, and the judgment of conviction in Georgia all supported that Partee was convicted of selling cocaine, the Seventh Circuit reasoned that Partee's light sentence meant he had "caught a break." *Id.* at 533.

at 618 (emphasis in original). Partee's petition for a *writ of certiorari* was subsequently denied by the United States Supreme Court. *See Partee v. United States*, 131 S. Ct. 439 (2010).

On September 26, 2011, Partee filed this timely motion for *habeas corpus* relief, and counsel was appointed to represent him. Partee argues that: (1) he received ineffective assistance of counsel, in violation of the Sixth Amendment, during plea negotiations; and (2) the use of his Georgia conviction to increase his sentence as a career offender violated the Due Process Clause. On September 19, 2013, Partee requested and was granted leave to file a supplemental memorandum of law in light of the United States Supreme Court's recent decision, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and the Government filed a supplemental response brief. In his supplemental brief, Partee argues that under *Alleyne*, any enhancements to his sentence should have been proven beyond a reasonable doubt.

## **LEGAL STANDARD**

Historically, *habeas corpus* relief has been viewed as "an extraordinary relief, 'a bulwark against convictions that violate fundamental fairness.'" *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982)) (other internal citations omitted); *see also Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (relief under § 2255 is "reserved for extraordinary situations."). Section 2255 allows a prisoner to move to vacate, set aside, or correct his or her sentence if "the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).
The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a petitioner must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances; and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove there is a reasonable probability the proceeding would have had a different result but for the errors of counsel. *Id.* at 694. If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . ."). With respect to the rejection of a plea, the petitioner must show: "there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). In other words, the petitioner must show that "the outcome of the plea process would have been different with competent advice." *Id.* at 1384.

A district court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) ("Defense counsel is strongly presumed to have rendered adequate

5

assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

## ANALYSIS

*Ineffective Assistance of Counsel*

Partee argues that he received ineffective assistance by his trial counsel, Raymond Bendig, because he was not adequately advised about the sentencing risks of going to trial instead of accepting the Government's offered plea agreement. Partee contends that Bendig told him that the plea offered by the Government was "too high" and that Partee would get a lighter sentence by going to trial. Partee also argues that Bendig did not adequately negotiate with the Government to limit his sentencing exposure. In support, Partee offers his own affidavit. He also has submitted a one-page affidavit from his wife, Shanir Willis, who says Bendig told her Partee would get no more than an eight-year sentence, as well as an affidavit from the mother of Partee's son, Nicole Smith, who says that Bendig told her that taking a plea was not the best type of action. (*See* Pet.'s *Pro Se* Mem. in Supp. of Mot., Dkt. No. 5 ("Pet.") at 21-26.) Partee also contends that Bendig failed to adequately research his Georgia conviction's effects on his sentence.

Partee has submitted a copy of the Government's plea offer. (*See, e.g.*, Pet. at 27-41.) The plea offer required Partee to plead guilty to Count One and Count Two of the indictment. Among other things, the plea offer required Partee to: admit to knowingly distributing crack cocaine; admit that the additional guns he possessed was relevant conduct under the Sentencing Guidelines; and agree that he was a "career offender" based on his conviction for possession and sale of a controlled substance in Georgia. The plea offer also stated that Partee understood that: Count One carried a maximum penalty of 10 years; Count Two had a mandatory minimum

6

penalty of 5 years with a maximum of 40 years; and together, the total potential sentence was 50 years. (Pet. at 36.) It provided further that the Court was not bound by the recommendations and was "free to impose the sentence it deems appropriate," subject to the applicable statutory limitations. (Pet. at 39.)

Although Partee argues that he would have received a lower sentence if he had accepted the plea instead of going to trial, he has provided no support for this contention. Indeed, the plea offer called for Partee to admit to distributing crack cocaine and that possessing firearms was relevant conduct. At trial, Partee, represented by Bendig, successfully argued that the Government could not prove that the controlled substance was crack cocaine, which reduced the combined statutory maximum penalty from 50 to 40 years imprisonment. On appeal, the Seventh Circuit held that Partee's possession of additional firearms was not relevant conduct, which further reduced the offense level for Count One. *Partee*, 273 F. App'x at 533. Thus, Partee, by proceeding to trial instead of accepting the plea offer, ultimately reduced his potential prison time and incurred a lower offense level.

Partee has not carried his burden under *Strickland*'s first prong that Bendig's performance fell below an objective standard of reasonableness. Furthermore, Partee cannot meet *Strickland*'s second prong that he was prejudiced by any supposed deficient performance by Bendig with respect to the rejection of the plea agreement.[2] *See Lafler*, 132 S. Ct. at 1384 ("[A] defendant must show the outcome of the plea process would have been different with competent advice."). Accordingly, Partee's claim for *habeas corpus* relief on the basis of ineffective assistance of counsel rendered by Bendig fails.

---

[2] Likewise, Partee does not explain or otherwise demonstrate how Bendig's supposed failure to adequately research Partee's Georgia conviction prejudiced Partee.

7

*Partee's Georgia Conviction*

Partee also argues that the Court's use of his Georgia conviction to qualify Partee as a career offender violates the Due Process Clause. Partee again argues that he pled guilty only to possession of cocaine and not to selling cocaine. This is the fifth time that Partee has challenged the use of his Georgia conviction as a sentence enhancement, and it has been rejected each time, including twice by the Seventh Circuit, who agreed with this Court that there was a sufficient basis to conclude Partee's Georgia conviction was for selling cocaine. *See Partee*, 376 F. App'x 614, 618; *see also Partee II*, 273 F. App'x 529, 532. A court will not reconsider issues decided on direct appeal absent "changed circumstances of fact or law." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Taylor v. U.S.*, 798 F.2d 271, 273 (7th Cir. 1986). Apart from the argument raised in his Supplemental Brief with respect to *Alleyne* and addressed below, Partee has not identified any change in facts or law and has only repeated his argument that has already been addressed and rejected by this Court and the Seventh Circuit. This issue will not be reconsidered.

Partee requested and was granted leave to supplement his § 2255 Motion with respect to the Supreme Court decision in *Alleyne*, 133 S. Ct. 2151.[3] Partee's argument, which collaterally attacks his Georgia conviction, does not relate back to Partee's original § 2255 Motion and is thus time-barred by the one-year statute of limitations that applies to *habeas* petitions. *See Mayle v. Felix*, 545 U.S. 644, 646 (2005) (The "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims"). As the

---

[3] In his Supplemental Brief, Partee also argues, for the first time, that the Court should vacate his Georgia conviction because he did not knowingly and voluntarily plead guilty to selling cocaine. Partee was not granted leave to make this argument about vacating his Georgia conviction.

Government points out, Partee in his reply brief expressly stated that he "is not attacking his Georgia conviction; he is attacking this Court's use of that Georgia conviction." (Pet. Reply Br. at 7.) Partee's newly raised argument is time-barred.[4]

### *Alleyne v. United States*

At Partee's sentencing hearing, this Court found that the Government had proven by a preponderance of the evidence that the controlled substance distributed by Partee was crack cocaine and imposed a statutory minimum sentence, in accordance with the then-controlling standard, *Harris v. United States*, 536 U.S. 545 (2002). Partee argues that, in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), this Court improperly found that Partee distributed crack cocaine in determining the statutory minimum because at trial, the Court determined that the Government had not proven that Partee was guilty of beyond a reasonable doubt of distributing crack cocaine.

In *Alleyne*, the United States Supreme Court overruled *Harris* and held that under the Sixth Amendment:

---

[4] Partee did file a federal *habeas corpus* petition, under 28 U.S.C. § 2254, in the Northern District of Georgia that challenged his Georgia conviction. The district court dismissed Partee's § 2254 petition for lack of subject matter jurisdiction, finding that his state sentence had expired and that he did not meet the "in custody" requirement of § 2254(a); the denial was affirmed by the Eleventh Circuit Court of Appeals. *See Partee v. Attorney General*, 451 F. App'x 856, 857 (11th Cir. 2012). Although, as Partee notes, the Eleventh Circuit stated that the proper way to challenge the use of an expired state sentence for a federal conviction was by a 28 U.S.C. § 2255 petition, *see id.* at 858, the court also noted that the one-year statute of limitations for filing a § 2255 motion began to run for Partee on October 18, 2010, and that Partee had "ample opportunity" and was on notice that he could file a § 2255 motion on this issue in the proper court before the statute of limitations expired. *Id.*

9

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). Partee's argument goes to whether the facts underlying his sentence enhancements – the crack cocaine and the Georgia conviction findings – should have been proven beyond a reasonable doubt.

Partee's argument is barred because the Supreme Court did not make its ruling retroactive to cases on collateral review. 28 U.S.C. § 2255(f)(3) provides that the one-year statute of limitations is tolled and starts to run on "the date on which the right asserted was initially recognized by the Supreme Court" but only "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013), the Seventh Circuit addressed a successive collateral petition under 28 U.S.C. § 2255(h) and acknowledged that *Alleyne* sets forth "a new rule of constitutional law."[5] However, the Seventh Circuit stated that the Supreme Court "did not declare that its new rule applies retroactively on collateral attack" and further noted that *Alleyne* was resolved "on direct rather than collateral review." *Id.* The Seventh Circuit explained that:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive.

---

[5] 28 U.S.C. § 2255(h) contains language similar to the statute of limitations language found in 28 U.S.C. § 2255(f)(3). It permits a second or successive *habeas* petition where it contains "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable." (emphasis added).

10

*Simpson*, 721 F.3d at 876. Noting that only the Supreme Court can declare that *Alleyne* applies retroactively, the Seventh Circuit held that petitioner's successive *habeas* petition was not authorized. *Id.*

Furthermore, as a general rule, new rules of criminal procedure are not retroactive for purposes of *habeas* petitions. *See Teague v. Lane*, 489 U.S. 288, 310 (1989) (stating that, unless an exception applies, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced" and affirming denial of *habeas* petition); *Hawkins v. U.S.*, 724 F.3d 915, 917 (7th Cir. 2013) (affirming denial of *habeas* petition and stating that "[n]ew rules of procedure, on the other hand, generally do not apply retroactively. They . . . merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise.") (quoting *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)). The rule announced by *Alleyne* is procedural, not substantive, as it governs what questions are for the fact-finder and by what standard the facts must be proven. *See Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002) (holding that *Apprendi* was a procedural change because it was about "procedure – who decides a given question (judge versus jury) and under what standard (preponderance versus reasonable doubt).").

Since the Supreme Court has not declared that *Alleyne* applies retroactively to cases on collateral review, its holding does not apply to Partee's sentence. Partee's 28 U.S.C. § 2255 Motion is denied.

*Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. This requires the petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S. Ct. 1595, 1603–04 (2000). Where the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* at 1604. As discussed above, Partee has not demonstrated that his counsel behaved unreasonably and did not show a possibility of prejudice under the *Strickland* test. Therefore, Partee has not demonstrated the denial of a constitutional right with respect to his ineffective assistance claim.

When the district court denies a *habeas* petition on procedural grounds, however, a certificate of appealability should issue only when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In this case, as discussed above, Partee is procedurally barred from raising his claims about his Georgia conviction. Furthermore, the Supreme Court's

12

holding in *Alleyne* was not made retroactive, and therefore, Partee is barred from raising that claim. A reasonable juror could not conclude that the district court erred in dismissing Partee's petition on these procedural grounds.

Partee has failed to make a substantial showing of the denial of a constitutional right in the instant Petition. Accordingly, a certificate of appealability shall not issue.

## **CONCLUSION**

For all the reasons discussed above, Partee's 28 U.S.C. § 2255 Motion to vacate, set aside, or correct his sentence is denied. A certificate of appealability is not issued.

Date:___February 13, 2014_____  _____/s/ John W. Darrah_____
JOHN W. DARRAH
United States District Court Judge